UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

05 092 ML

WONDERWARE CORPORATION d/b/a CORE BUSINESS TECHNOLOGIES,

Plaintiff,

v.

JAMES FALLON, ALIAS JOHN DOE,

Defendant.

C.A. No. 05-

## VERIFIED COMPLAINT

Plaintiff Wonderware Corporation d/b/a Core Business Technologies brings this action for temporary, preliminary and permanent injunctive relief and for damages and attorneys' fees and alleges as follows:

## PARTIES

1. Wonderware Corporation d/b/a Core Business Technologies ("Core") is a Rhode Island corporation with its principal place of business at 2224 Pawtucket Avenue, East Providence, in the County of Providence, State of Rhode Island.

2. Defendant James Fallon, alias John Doe ("Fallon") is a citizen and resident of the Town of Randolph, County of Norfolk, Commonwealth of Massachusetts.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

1

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b) in that Core's principal place of business is in the State of Rhode Island and a substantial part of the events giving rise to the claims hereinafter set forth occurred in this District.

## FACTS COMMON TO ALL COUNTS

5. Core is a developer of sophisticated information management and operating software, with customers throughout the United States.

6. Core has developed certain valuable proprietary and confidential information including, without limitation, various software programs. Core has developed this confidential information over the course of many years by substantial investment of time, money and effort. This information is a valuable commercial asset of Core, essential to its success and competitiveness in the industry.

7. Among the technology developed by Core over many years and with enormous investment of time, energy and money is its Standard Transaction Type Solution or "STTS." STTS is unique to Core and contains a highly significant portion of the knowledge of Core's business. STTS is the foundation by which Core provides service to its customers and customizes software programs for these customers. STTS makes Core not only preeminent in its field, but allows it to maintain its competitive standing in this highly competitive business.

8. Equally confidential and proprietary to Core is its source code which was also developed over many years and with enormous investment of time, money and effort.

9. Divulgence of either STTS or the source code to competitors will destroy Core's competitive edge and its business which it has developed over many years. As a result, Core has taken steps to protect the confidentiality of its proprietary information, including the utilization of confidentiality and non-competition agreements among its employees, including Fallon.

10. On or about July 27, 2001, Fallon accepted a position at Core as a programmer. In this position, Fallon was necessarily privy to the highly confidential and proprietary information at Core, and Fallon's use of this was essential to the performance of Fallon's duties at Core. This access necessarily included, but was certainly not limited to, STTS and Core's source code.

11. In that Fallon was necessarily privy to Core's highly confidential and proprietary information and in consideration of his employment with Core, and to protect Core's legitimate business interests, Fallon was asked to sign certain agreements with Core, which Core requires all of its new employees to execute in consideration of their employment with Core. On or about July 27, 2001, Fallon executed and delivered a standard form Restrictive Covenant, a General Employment Letter and an Agreement with Respect to Inventions (hereinafter collectively the "Agreements"). Copies of the Agreements are attached hereto as Exhibit 1.

12. The General Employment Letter provides, in part, as follows:

> In order to protect the lawful interests of CORE, including its investments in your training and its entrusting Confidential Information and trade secrets to you, it is a condition of your employment that you agree by signing this letter that you will not for a period of three (3) years after termination of your employment, no matter how occasioned (or for a

period of three (3) years after the entry of final judgment of injunction against you), either for your own account or for the benefit of any third party, directly or indirectly...(4) disclose, or aid and abet the disclosure to any person including the undersigned, of confidential information.

13. The Restrictive Covenant provides, in part, as follows:

The undersigned, in consideration of the entrusting to him/her of Confidential Information and in further consideration of his employment or the continuance of his/her employment by Wonderware or any of its subsidiaries or affiliates, and for good and valuable consideration, the receipt of which from Wonderware is acknowledged, agrees that:

(a) within the territory occupied by Wonderware during his/her employment (the "Territory"), and

(b)(i) during his/her employment with Wonderware and (ii) for a period of thirty-six (36) months after termination of his/her employment, no matter how occasioned, (or for a period of thirty-six (36) months after the entry of final judgment of injunction in the event Wonderware seeks injunctive enforcement of this covenant), he will not, either for his/her own purposes or as an employee of or for the benefit of any other entity or person, directly or indirectly, own, engage in or have any interest in, any activity or venture involving the promotion, sale, distribution, or service of office machines, office computer hardware and software or any line of business Wonderware is in as of the date hereof or any line of business Wonderware enters into subsequent to the date hereof (including supplies and accessories for each), or otherwise compete with Wonderware.

14. Defendant Fallon also acknowledged in the Agreements that a breach thereof would result in irreparable injury to Core. Fallon also agreed that Core is entitled to preliminary and permanent injunctive relief to prohibit and restrain violation of the Agreements by him.

15. Fallon remained employed by Core until August 27, 2004, when he resigned.

16. Fallon has established a website (www.datadeliverysolutions.com), pursuant to which Fallon offers services competitive with Core including, but not necessarily limited to, payment processing services. As part of this website, Fallon is displaying Core confidential and proprietary information, such as report templates and data management protocols.

17. In fact, some of the Internet web screen shots which Fallon has utilized could have come *only* from Core's confidential and proprietary source code or from STTS to which Fallon had access while employed by Core.

18. Accordingly, it is indisputable that Fallon has possession of all or a portion of STTS or Core's source code, software and/or other confidential and proprietary information and is using same to compete with Core in derogation of the Agreements and in violation of law.

19. Fallon is seeking to enrich himself on the efforts of Core which he expressly agreed he would not do.

20. Core has made demand upon Fallon to cease and desist utilizing its confidential and proprietary information and to cease competing with it as agreed. *See* Exhibit 2 attached.

21. As of the date of this Verified Complaint, Fallon has refused and continues to refuse to cease using Core's confidential and proprietary information and to cease competing with Core.

22. Core has no adequate remedy at law.

**COUNT I**
**<u>Breach of Contract</u>**

23. Core hereby realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Verified Complaint as if fully set forth herein.

24. Fallon has breached and continues to breach the Agreements with Core by utilizing and disclosing Core's confidential and proprietary information and by competing with Core.

**COUNT II**
**<u>Misappropriation of Trade Secrets</u>**

25. Core hereby realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Verified Complaint as if fully set forth herein.

26. Upon information and belief, defendant Fallon has carried away, converted to his own use and intends to further employ to his own use, Core's trade secrets and confidential business information including, without limitation, Core's software, source code and STTS.

**COUNT III**
**<u>Uniform Trade Secrets Act</u>**

27. Core hereby realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Verified Complaint as if fully set forth herein.

28. Defendant Fallon's knowing, willful and malicious conduct in misappropriating and disseminating Core's confidential information via his website violates the Uniform Trade Secrets Act, *Rhode Island General Laws* § 6-41-1 *et seq.*

**COUNT IV**
**Breach of Fiduciary Duty**

29. Core hereby realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Verified Complaint as if fully set forth herein.

30. Defendant Fallon's conduct constitutes a breach of his fiduciary duty to Core.

31. Core has been damaged by Fallon's breach and continues to suffer and will, in the future, suffer damages as a result.

**COUNT V**
**Unfair Competition**

32. Core hereby realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Verified Complaint as if fully set forth herein.

33. Upon information and belief, as a result of the foregoing defendant Fallon has used and intends to continue use said Core's own proprietary and confidential information to unfairly compete with Core.

34. Fallon's unlawful acts have and, unless and until temporarily restrained and/or preliminarily and permanently enjoined by this Court, will continue to irreparably injure Core in the following ways:

(a) Fallon will continue to violate the provisions of the Agreements with Core; and

(b) Fallon will continue to use Core's information for his advantage, to the disadvantage and detriment of Core.

35. Core has no adequate remedy at law.

**COUNT VI**
**Conversion**

36. Core hereby realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Verified Complaint as if fully set forth herein.

37. Defendant has exercised dominion and control and continues to exercise dominion and control over Core's confidential and proprietary information which is the subject matter of this action and to which Core has the right to immediate possession.

38. Fallon's exercising of dominion and control over the subject confidential and proprietary information, as aforesaid, and his intentional and malicious interference with Core's possession of said information, constitutes a tortious and intentional conversion of the information to the great damage and detriment of Core.

**COUNT VII**
**Replevin**

39. Core hereby realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 38 of this Verified Complaint as if fully set forth herein.

40. Core's confidential and proprietary information in the possession and control of Fallon has a value in excess of Five Thousand Dollars ($5,000.00) and has been unlawfully taken and unlawfully detained by Fallon.

41. Core has the right to the immediate possession of said confidential and proprietary information and is entitled to a writ of replevin for the immediate return of same pursuant to *Rhode Island General Laws* § 34-21-1, *et seq.*, and Rule 64 of the *Federal Rules of Civil Procedure*.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Wonderware Corporation d/b/a Core Business Technologies prays that this Honorable Court:

A. Temporarily, preliminarily and permanently enjoin and restrain Fallon and all others acting for or on his behalf or in concert with him from (i) using Core's confidential and proprietary information for any purpose; and (ii) disclosing any portion of Core's confidential and proprietary information including, but not limited to, use in his website;

B. Temporarily, preliminarily and permanently enjoin and restrain Fallon from working in a competitive business and otherwise violating the Agreements with Core in Rhode Island and Massachusetts for a period of thirty-six (36) months as provided in the Agreements;

C. Order Fallon to immediately return to Core all of Core's confidential and proprietary information and issue a writ of replevin addressed to Fallon to return same;

D. Order Fallon to provide a written accounting of all receipts, revenues, compensation, gross profits, accruals, increments and accretions, or other financial or economic benefits, derived or received by him as a result of Fallon's breach of the Agreements;

E. Order Fallon to immediately divulge to Core the names and addresses of all persons, firms or entities to or with whom he has delivered, sold, given or discussed Core's confidential or proprietary information or any portion or product thereof;

F. Award Core compensatory damages plus costs, interest and attorneys' fees pursuant to *Rhode Island General Laws* § 9-1-45;

G. Award Core punitive damages against Fallon in the amount of $250,000.00 for his willful breach of the Agreements and his intentional conversion of Core's confidential and proprietary information; and

H. Grant Core such other and further relief as this Honorable Court shall deem meet and just.

WONDERWARE CORPORATION
d/b/a CORE BUSINESS TECHNOLOGIES

By its Attorneys,

Justin T. Shay (#2781)
Joseph A. Anesta (#3020)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
(401) 331-5700/FAX (401) 331-5787

Dated: February 25, 2005

## VERIFICATION

I, Peter A. Whealton upon oath depose and state as follows:

1. I am Chairman of Wonderware Corporation d/b/a Core Business Technologies and have personal knowledge of the facts set forth in the within Verified Complaint;

2. I have read the within Verified Complaint and believe the allegations contained therein to be true and correct to the best of my knowledge and information, and so far as upon information and belief, I believe the information to be true.

Peter A. Whealton

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 24th day of February, 2005.

Nancy A. Jones
Notary Public
My Commission Expires: July 29, 2005

G:\cmc\Core\pldgs\complaint.doc

# RESTRICTIVE COVENANT

(1)

The undersigned acknowledges that, in the course of his employment by **WONDERWARE** Corporation, d/b/a **CORE BUSINESS TECHNOLOGIES**, hereinafter referred to as **WONDERWARE**, he/she will be entrusted with, and may develop on behalf of **WONDERWARE**, written and unwritten information of a confidential nature concerning the business of **WONDERWARE** as now and hereafter conducted, such as the names, addresses, purchasing history, and requirements of customers and potential customers and suppliers of merchandise to **WONDERWARE**; marketing and financial plans, programs, and strategies; sales and service manuals and bulletins; information relating to employees; and research and development information (the "Confidential Information"). The undersigned agrees that the Confidential Information is not accessible to the public or **WONDERWARE**'s competitors, and disclosure thereof would be harmful to **WONDERWARE** and would damage **WONDERWARE**'s business.

Accordingly, the undersigned, in consideration of the entrusting to him/her of Confidential Information and in further consideration of his employment or the continuance of his/her employment by **WONDERWARE** or any of its subsidiaries or affiliates, and for other good and valuable consideration, the receipt of which from **WONDERWARE** is acknowledged, agrees that:

(a) within the territory occupied by **WONDERWARE** during his/her employment (the "Territory"), and

(b)(i) during his/her employment with **WONDERWARE**. and (ii) for a period of thirty-six (36) months after termination of his/her employment, no matter how occasioned, (or for a period of thirty-six (36) months after the entry of final judgment of injunction in the event **WONDERWARE** seeks injunctive enforcement of this covenant),

he will not, either for his/her own purposes or as an employee of or for the benefit of any other entity or person, directly or indirectly, own, engage in or have any interest in, any activity or venture involving the promotion, sale, distribution, or service of office machines, office computer hardware and software or any line of business **WONDERWARE** is in as of the date hereof or any line of business **WONDERWARE** enters into subsequent to the date hereof (including supplies and accessories for each), or otherwise compete with **WONDERWARE**, including but not limited to solicitation or contacting **WONDERWARE** employees, contractors or suppliers. The undersigned agrees that the foregoing restriction is reasonable as to its duration and as to geographical scope.

The undersigned acknowledges and agrees that breech of this covenant will cause immediate and irreparable injury to **WONDERWARE**, and as a result, the final relief of damages in the event of a breech would be an inadequate remedy. The undersigned consents to the issuance of preliminary and final injunctive relief in order to secure his/her adherence to this covenant and to protect the lawful interest of **WONDERWARE**, including the Confidential Information.

Nothing contained in this covenant shall confer upon the undersigned any rights to continue in the employment of **WONDERWARE** or to interfere in any way with the right of **WONDERWARE** to terminate the undersigned's employment at any time, with or without cause, without liability.

By his or her signature below, the undersigned acknowledges that he or she has carefully read this document and understands its terms, conditions, and obligations and agrees to be bound by them.

| Print Employee Name | Date of Hire |
|---|---|
| James Fallon | 7-27-01 |
| Employee Signature | Today's Date |
| James J Fallon | 7-27-01 |

# GENERAL EMPLOYMENT LETTER

This letter will set forth the terms and conditions under which you will be employed by **WONDERWARE** Corporation, d/b/a **CORE BUSINESS TECHNOLOGIES** hereinafter referred to as **CORE**.

During your employment, you will receive training by **CORE** and will also acquire confidential information concerning our business, such as the names, addresses, purchasing history, and requirements of customers and potential customers; marketing and financial plans, programs, and strategies; sales and service manuals and bulletins; information relating to employees; and research and development information. In order to protect the lawful interests of **CORE**, including its investments in your training and its entrusting Confidential Information and trade secrets to you, it is a condition of your employment that you agree by signing this letter that you will not for a period of three (3) years after termination of your employment, no matter how occasioned (or for a period of three (3) years after the entry of final judgment of injunction against you), either for your own account or for the benefit of any third party, directly or indirectly:

1. solicit, contact, or disclose the names of, or any other information relating to any customers or prospective customers at any time contacted by you:

2. contact or disclose the names of or information relating to suppliers of merchandise to **CORE**;

3. solicit or encourage any employee to leave his employment with **CORE**; or

4. disclose, or aid and abet the disclosure to any person including the undersigned, of confidential information.

Employees using their personal automobiles for business purposes are expected to carry insurance that meets the following standards; Bodily injury - $100/300,000; Property Damage - $25,000; Medical Payment - $5,000; Comprehensive Fire/Theft/Collision - $100 Deductible.

This agreement shall become effective as of the date of your employment. Nothing herein shall assure the employee any fixed term of employment; consequently, either party may terminate employee's employment at its sole discretion at any time. This agreement, which is to be governed by Rhode Island Law, may not be modified except by written approval of an officer of **CORE** and may not be assigned by you. Please sign the original of this employment letter and retain one copy for yourself. We congratulate you on your new assignment and wish you outstanding success.

By signature below, I acknowledge the fact that I have read this agreement, understand it and agree to be bound by it.

| Print Employee Name | Date of Hire |
| --- | --- |
| James J Fallon | 7-27-01 |
| Employee Signature | Today's Date |
| James J Fallon | 7-27-01 |

# AGREEMENT WITH RESPECT TO INVENTIONS

I ______________________, being employed by **WONDERWARE CORPORATION**, d/b/a **CORE** Business Technologies, hereinafter referred to as **CORE**, have the opportunity to become acquainted with various developments and methods relating to **CORE**'s business, and **CORE**, being desirous of acquiring the entire right, title and interest in and to all inventions, improvements or discoveries conceived or made by me, either solely or jointly with others, in the course of my employment and for a period of one (1) year after the termination thereof, in consideration of the remuneration paid to me for my employment, I agree as follows:

a) To assign, I hereby assign to **CORE**, its successors and assigns, the entire right, title and, interest in and to inventions, improvements and discoveries which I make during the period of my employment by **CORE**, or it subsidiary or affiliated corporations, and for a period of one (1) year after the termination or cessation of said employment, which I have made or conceived or may hereafter make or conceive, either solely or jointly with others, in the course of my employment, or with the use of **CORE**'s time, material, data or facilities, which result from or are suggested by any work done by me, **CORE**, or at **CORE**'s request, relating to computers/software; duplicating; copying; x-ray; lasers; facsimile and data communication and transmission; reprography in all its phases, including among others, electrostatics, magnetics, photographics, micrographics, microfilm and data retrieval, photocopying, copy/duplicating, and holographics; automated typewriting; photoprinting machines; data compression in all its phases; appliances, devices, processing equipment, supplies, parts, systems and accessories applicable, relevant or incidental to any of the foregoing (hereinafter collectively referred to as the "Devices"), or other apparatus, equipment, techniques, methods and arts for or relating to the Devices and/or to the styling or manufacture thereof.

b) To execute, acknowledge and deliver all further papers, including applications for patents and specific instruments of assignment as may become necessary to obtain patents for said inventions, improvements and discoveries in this and all foreign countries, and to vest title thereto in **CORE**, its successors and assigns, and to do all other things necessary to the end that **CORE**'s right in and to said inventions, improvements, and discoveries may be secured, including the prompt disclosure of inventions, improvements, or discoveries made or conceived, without charge to **CORE** but at its expense.

c) To maintain in confidence and secrecy all knowledge of inventions, improvements and discoveries, trade secrets, secret methods and arts as well as marketing approaches and commercialization concepts, of which I am or may become informed by reason of my employment, and not to disclose any of them without the knowledge and consent of **CORE**.

d) This agreement shall not obligate **CORE** to continue to employ me, as the execution hereof is one of the conditions of my employment, nor shall termination of employment release me from obligations hereunder, provided, however that time actually spent by me after the cessation of employment in the carrying out of this agreement at **CORE**'s request shall be paid for by **CORE** at a reasonable rate.

e) To keep, maintain and make available to **CORE** complete and up-to-date records, including photographs and drawings where appropriate, of all my inventions and improvements (whether deemed patentable or not) arising out of or conceived in, or suggested during the term of my employment relating to any of the fields described in Paragraph A above and/or Devices, which record shall be **CORE**'s sole property.

f) Failure of **CORE**, in any instance, to insist upon the strict performance of the terms hereof or to seek redress for breach hereof shall not in any other instance be constructed to constitute a waiver of the strict performance hereof or a breach.

g) I covenant and represent that t[illegible] are no inventions, discoveries or imp[illegible]ements in the fields described in Paragraph A above or relating to the Devices which I desire to exclude from the operation of this agreement except those, if any, designated on an attached list signed by me and **CORE** and made a part of this agreement.

h) This agreement shall be governed by the laws of the State of Rhode Island and shall be binding upon my executors, administrators, and legal representatives and shall ensure to the benefit of **CORE**, it successors and assigns.

By my signature below, I, the undersigned, acknowledge that I have carefully read this agreement, understand it, and agree to be bound by it.

| Print Employee Name | Date of Hire |
|---|---|
| James J Fallon | 7-27-01 |
| **Employee Signature** | **Today's Date** |
| [signature] | 7-27-01 |

2

CAMERON & MITTLEMAN LLP
*Attorneys-at-Law*

Richard S. Mittleman
E. Colby Cameron*
Bruce W. Gladstone*
Justin T. Shay
Joseph F. Whinery, Jr.
Don E. Wineberg*
Robert A. Migliaccio
Karen G. DelPonte*
John W. Wolfe
Charles S. Beal*†
Joseph A. Anesta
Cynthia J. Warren*
Catherine T. Schneider
Lynn E. Riley*

*Of Counsel*
Barry G. Hittner*††

**Also admitted in Massachusetts*
*† Also admitted in New York*
*†† Also admitted in Florida*

E-mail: janesta@cm-law.com

February 7, 2005

**VIA FIRST CLASS MAIL AND CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**

Mr. James Fallon
30 Fitzgerald Street
Randolph, MA 02368

**Re: Misappropriation of Confidential and Proprietary Information Belonging to Core Business Technologies, Inc. ("Core")**

Dear Mr. Fallon:

You have not responded to my letter of January 21, 2005. If you do not make arrangements to return or destroy the material you have misappropriated, and to return an executed original of the enclosed certification to the undersigned by 5:00 p.m., on Friday, February 11, 2005, I will have no choice but to file the enclosed Complaint and seek immediate enforcement of Core's remedies.

Very truly yours,

Joseph A. Anesta

cc: Peter Whealton

G:\jaa\CORE Business Technologies\ltr-Fallon-2-7-05_.DOC

7003 2260 0006 8573 3897

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

JAA

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.88 |

Postmark Here

PROVIDENCE RI ANNEX STA FEB 7 2005

*Sent To* Mr. James Fallon

*Street, Apt. No.; or PO Box No.* 30 Fitzgerald Street

*City, State, ZIP+4* Randolph, Massachusetts 02368

PS Form 3800, June 2002 See Reverse for Instructions

CM
CAMERON & MITTLEMAN LLP
*Attorneys-at-Law*

Richard S. Mittleman
E. Colby Cameron*
Bruce W. Gladstone*
Justin T. Shay
Joseph F. Whinery, Jr.
Don E. Wineberg*
Robert A. Migliaccio
Karen G. DelPonte*
John W. Wolfe
Charles S. Beal*†
Joseph A. Anesta
Cynthia J. Warren*
Catherine T. Schneider
Lynn E. Riley*

*Of Counsel*
Barry G. Hittner*††

**Also admitted in Massachusetts*
*† Also admitted in New York*
*†† Also admitted in Florida*

E-mail: janesta@cm-law.com

January 21, 2005

**VIA FIRST CLASS MAIL AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Mr. Jamie Fallon
30 Fitzgerald Street
Randolph, MA 02368

**Re: Misappropriation of Confidential and Proprietary Information Belonging to Core Business Technologies, Inc. ("Core")**

Dear Mr. Fallon:

The undersigned represents Core. It is our understanding that you have knowingly misappropriated confidential and proprietary Core information, including, without limitation, source code. Your misappropriation and use of this information is a violation of common law as well as your contractual obligations to Core.

The purpose of this letter is to demand: (1) that you immediately return or destroy: (a) all such confidential and proprietary information you have misappropriated; (b) any copies of such information, in whole or in part; and (c) any notes or other summaries you have made of such information; (2) that you immediately cease using such information and (3) that you advise Core of any persons to whom you have disclosed this information in any way.

If you do not make arrangements to return this material and an executed original of the enclosed certification to the undersigned by 5:00 p.m., on Wednesday, January 26, 2005, Core will avail itself of all remedies at its disposal.

Very truly yours,

Joseph A. Anesta

cc: Peter Whealton (via email)

G:\jaa\CORE Business Technologies\ltr-Fallon-1-21-05_.DOC

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

7003 2260 0006 8573 3842

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Postmark Here
USPS PROVIDENCE, RI JAN 21 2005

Sent To Mr. Jamie Fallon
Street, Apt. No.; or PO Box No. 30 Fitzgerald Street
City, State, ZIP+4 Randolph, Massachusetts 02368

PS Form 3800, June 2002 See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Mr. Jamie Fallon
30 Fitzgerald Street
Randolph, Massachusetts 02368

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X Jamie J. Fallon ☐ Agent ☒ Addressee

B. Received by (Printed Name) James Fallon
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RANDOLPH MA JAN 29 2005 USPS 02368

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7003 2260 0006 8573 3842

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540