UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WONDERWARE CORPORATION d/b/a CORE BUSINESS TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>JAMES FALLON, ALIAS JOHN DOE,<br><br>Defendant. | : | 05 092 ML<br>C.A. No. 05- |

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Now comes the Plaintiff, Wonderware Corporation d/b/a Core Business Technologies ("Core"), and, pursuant to Rule 65 (b) of the Federal Rules of Civil Procedure, moves this Honorable Court for an Order temporarily and preliminarily enjoining Defendant, James Fallon ("Fallon"), as follows:

A. Temporarily and preliminarily enjoining and restraining Fallon and all others acting for or on his behalf or in concert with him from (i) using Core's confidential and proprietary information for any purpose; and (ii) disclosing any portion of Core's confidential and proprietary information including, but not limited to, use in his website;

B. Temporarily and preliminarily enjoining and restraining Fallon from working in a competitive business and otherwise violating the Agreements with Core in Rhode Island and Massachusetts for a period of thirty-six (36) months as provided in the Agreements he executed;

C. Ordering Fallon to *immediately* return to Core all of Core's confidential and proprietary information and issue a writ of replevin addressed to Fallon to return same;

2

D. Ordering Fallon to *immediately* divulge to Core the names and addresses of all persons, firms or entities to or with whom he has delivered, sold, given or discussed Core's confidential or proprietary information or any portion or product thereof; and

E. Granting Core such other and further temporary and preliminary relief as this Honorable Court shall deem meet and just.

As grounds therefor, Core relies on the Verified Complaint and Memorandum of Law filed herewith.

WONDERWARE CORPORATION
d/b/a CORE BUSINESS TECHNOLOGIES

By its Attorneys,

Justin T. Shay (#2781)
Joseph A. Anesta (#3020)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
(401) 331-5700
FAX (401) 331-5787

Dated: February 25, 2005

G:\cmc\Core\pldgs\motro.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WONDERWARE CORPORATION d/b/a CORE BUSINESS TECHNOLOGIES,<br>Plaintiff,<br><br>v.<br><br>JAMES FALLON, ALIAS JOHN DOE,<br>Defendant. | CA 05 092ML<br>C.A. No. 05- |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, Wonderware Corporation d/b/a Core Business Technologies ("Core"), files this Memorandum of Law in support of its Motion for temporary and preliminary injunctive relief (the "Motion").

## I. FACTS

Core is a developer of sophisticated information management and operating software, with customers throughout the United States. Core has developed certain valuable proprietary and confidential information including, without limitation, various software programs. Core has developed this information over the course of many years by substantial investment of its and its employees' time, money and effort. This information is a valuable commercial asset of Core, essential to its success and competitiveness in the industry. (Verified Complaint, ¶¶ 6 and 7).

Among the technology developed by Core over the years is its Standard Transaction Type Solution or "STTS." STTS is unique to Core and contains a highly significant portion of the knowledge of Core's business. STTS is the foundation by which Core provides service to its customers and by which it customizes software programs for these customers. STTS makes Core not only preeminent in its field, but allows it to maintain its competitive standing in this highly competitive business. Equally confidential and proprietary to Core is its source code which was also developed over many years and with enormous investment of time, money and effort. (Verified Complaint, ¶¶ 7 and 8).

Divulgence of either the STTS or the source code to Core's competitors will destroy Core's competitive edge and its business. Accordingly, Core has taken steps to protect the confidentiality of its proprietary information, through the utilization of confidentiality and non-competition agreements among its employees, including Fallon. (Verified Complaint, ¶ 9).

In July, 2001, Fallon accepted a position at Core as a programmer. In this position, Fallon was necessarily privy to the highly confidential and proprietary information at Core, and Fallon's use of this information was essential to the performance of his duties. The information to which Fallon had access necessarily included, but was certainly not limited to, the STTS and Core's source code. (Verified Complaint, ¶ 10).

Because Fallon was necessarily privy to Core's highly confidential and proprietary information, to protect Core's business interests, Fallon was asked to sign certain agreements, which Core requires all of its new employees to execute at the time

of their employment with Core. On July 27, 2001, Fallon executed and delivered a standard form Restrictive Covenant, a General Employment Letter and an Agreement with Respect to Inventions (hereinafter collectively the "Agreements"). Copies of the Agreements are attached to the Verified Complaint as Exhibit 1.

The General Employment Letter provides, in part, as follows:

> *In order to protect the lawful interests of* CORE, *including its investments* in your training and its entrusting Confidential Information and trade secrets to you, it is a condition of your employment that you agree by signing this letter that you will not for a period of three (3) years after termination of your employment, no matter how occasioned (or for a period of three (3) years after the entry of final judgment of injunction against you), either for your own account or for the benefit of any third party, directly or indirectly...(4) disclose, or aid and abet the disclosure to any person including the undersigned, of confidential information.

(Verified Complaint, Exhibit 1).

The Restrictive Covenant provides, in part, as follows:

> The undersigned, in consideration of the entrusting to him/her of Confidential Information and in further consideration of his employment or the continuance of his/her employment by Wonderware or any of its subsidiaries or affiliates, and for good and valuable consideration, the receipt of which from Wonderware is acknowledged, agrees that:
>
> (a) within the territory occupied by Wonderware during his/her employment (the "Territory"), and
>
> (b)(i) during his/her employment with Wonderware and (ii) for a period of thirty-six (36) months after termination of his/her employment, no matter how occasioned, (or for a period of thirty-six (36) months after the entry of final judgment of injunction in the event Wonderware seeks injunctive enforcement of this covenant), he will not, either for his/her own purposes or as an employee of or for the benefit of any other entity or person, directly or indirectly, own, engage in or have any interest in, any activity or venture involving the promotion, sale, distribution, or service of office machines, office computer hardware and software or any line of business Wonderware is in as of the date hereof or any line of business Wonderware enters into subsequent to the date hereof (including supplies and accessories for each), or otherwise compete with Wonderware.

(Verified Complaint, Exhibit 1).

Fallon also acknowledged in the Agreements that a breach of those covenants by him would result in irreparable injury to Core and further agreed that Core would be entitled to preliminary and permanent injunctive relief to prohibit and restrain violation of the Agreements by him. (Verified Complaint, ¶ 14).

Fallon remained employed by Core until August 27, 2004, when he resigned. Since his resignation, Core has learned that Fallon has established a website (www.datadeliverysolutions.com), pursuant to which Fallon offers services competitive with Core including payment processing services. As part of this website, Fallon is displaying Core confidential and proprietary information, such as report templates and data management protocols. In fact, some of the Internet web screen shots which Fallon has utilized could have come *only* from Core's confidential and proprietary source code or from STTS to which Fallon had access while employed by Core. (Verified Complaint, ¶¶ 15, 16 and 17).

Accordingly, it is indisputable that Fallon has possession of all or a portion of STTS or Core's source code, software and/or other confidential and proprietary information, and is using this information to compete with Core in violation of the Agreements and applicable law. Fallon is clearly seeking to enrich himself on the efforts of Core which he expressly agreed he would not do. (Verified Complaint, ¶¶ 18 and 19).

Since learning of this, Core has made two demands upon Fallon to cease and desist utilizing its confidential and proprietary information and to cease competing with it as agreed. (Verified Complaint, Exhibit 2). As of the date of the Verified Complaint, Fallon has refused and continues to refuse to cease using Core's confidential and proprietary information and to cease competing with Core in violation of the Agreements.

## II. ARGUMENT

In this circuit, preliminary injunctive relief may be granted if the movant shows a likelihood of success on the merits, a risk of irreparable harm, a favorable balance of equities, and that the injunction would be in the public interest. *S.E.C. v. Fife*, 311 F.3d 1, 8 (1st Cir. 2002); *Langlois v. Abington Hous. Auth.*, 207 F.3d 43, 47 (1st Cir. 2000). The "*sine qua non*" of a preliminary injunction analysis is whether the plaintiff is likely to succeed on the merits of its claim. *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993).

In this case, Core has a likelihood of success on the merits because Fallon is doing what he expressly agreed he would not do -- use Core's confidential and proprietary information, not only for his own benefit, but for the specific purpose of competing with Core.

The information which Fallon is utilizing was developed by Core over many years with a huge investment of time, energy and money. Dissemination of this information would devastate Core and allow its competitors to gain an unfair advantage over Core by utilizing Core's own information and investment. Such harm to Core's business would be irreparable. Additionally, Fallon specifically agreed that this use or disclosure

would result in irreparable harm in the Agreements themselves and that injunctive relief was the only effective remedy for his breach.

In balancing the equities, it could hardly be more inequitable to allow Fallon to enrich himself on the know how of his former employer in the face of the Agreements, wherein he specifically agreed he would not do so. This is particularly so here when Fallon has been given two chances to abide by the Agreements and avoid litigation, but has refused to act accordingly.

As for the public interest prong of the test, it is the public policy of this State to enforce the legitimate agreements made within its jurisdiction. Fallon must be enjoined from his continuing breach of his Agreements.

Accordingly, it is respectfully prayed that this Honorable Court enter a temporary restraining order and preliminary injunctive relief as prayed in the Verified Complaint and the Motion.

WONDERWARE CORPORATION
d/b/a CORE BUSINESS TECHNOLOGIES

By its Attorneys,

Justin T. Shay (#2781)
Joseph A. Anesta (#3020)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
(401) 331-5700
FAX (401) 331-5787

Dated: February 25, 2005

G:\cmc\Core\pldgs\memotro.doc